# Exhibit 8

# (Redacted Version of Document Proposed To Be Filed Under Seal)

1 | **FOLEY & LARDNER LLP**
2 | 555 South Flower Street, Suite 3500
  | Los Angeles, CA 90071-2411
3 | Telephone: 213.972.4647
4 | Facsimile: 213.486.0065
  | Tami Smason (SBN: 120213)
5 | tsmason@foley.com
6 |
  | **WILLIAMS & CONNOLLY LLP**
7 | 725 Twelfth Street, N.W.
8 | Washington, DC 20005
  | Telephone: 202.434.5000
9 | Facsimile: 202.434.5029
10 | F. Lane Heard III (admitted pro hac vice)
   | lheard@wc.com
11 | Enu Mainigi (admitted pro hac vice)
12 | emainigi@wc.com
   | J. Andrew Keyes (admitted pro hac vice)
13 | akeyes@wc.com
   | Holly Conley (admitted pro hac vice)
14 | hconley@wc.com
15 | Benjamin Hazelwood (admitted pro hac vice)
   | bhazelwood@wc.com
16 |
17 | *Attorneys for Defendant CaremarkPCS Health, L.L.C.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. AMBURGEY and ALICE WASHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CAREMARKPCS HEALTH, L.L.C., and DOES 1–10,<br><br>Defendants. | **Case No.: 8:17-CV-183 CJC KES**<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:         November 27, 2017<br>Time:        1:30 PM<br>Courtroom:   9B<br><br>Assigned to Hon. Cormac J. Carney |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Caremark maintains that its arguments regarding Plaintiffs' standing to sue Caremark and Amburgey's standing to sue about Enbrel are appropriate subjects for a factual challenge to the Court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as resolution of the argument is not "'dependent on the resolution of factual issues going to the merits.'" *Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011) (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)). In the alternative, however, Caremark requests that the Court "'employ the standard applicable to a motion for summary judgment.'" *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (quoting *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)). Caremark therefore submits this Statement of Uncontroverted Facts and Conclusions of Law pursuant to Local Rule 56-1 to assist the Court in deciding the present motion insofar as (1) Plaintiffs' standing to sue Caremark and (2) Amburgey's standing to sue about Enbrel are concerned.

## UNCONTROVERTED FACTS

| Undisputed Material Facts | Evidentiary Support |
|---|---|
| 1. CVS Health Corporation ("CVS") maintains records of all pharmaceutical shipments to patients from its specialty mail pharmacies. | First Peterman Declaration, ¶¶ 2–5, page 1, lines 7 to 28. |
| 2. Each of the shipments received by Amburgey or Washington from any of CVS's specialty mail pharmacies came from the Monroeville, Pennsylvania specialty mail pharmacy. | Complaint ¶ 44; First Peterman Declaration ¶¶ 7–8, page 2, lines 9–20. |
| 3. The Monroeville, Pennsylvania specialty mail pharmacy is owned and operated by ProCare Pharmacy Direct, L.L.C. ("ProCare"). | First Moffatt Declaration ¶ 5, page 1, lines 20–21. |
| 4. ProCare and CaremarkPCS Health, L.L.C. are distinct legal entities, and neither is owned—directly or indirectly—by the other. | First Moffatt Declaration ¶ 5, page 1, lines 22–28, and page 2, line 1. |

| | |
|---|---|
| 5. The Redlands, California specialty mail pharmacy is owned and operated by Caremark, L.L.C. | Second Moffatt Declaration ¶ 5, page 1, lines 19–20. |
| 6. Caremark, L.L.C. is not the same entity as CaremarkPCS Health, L.L.C.; the two are distinct legal entities, and neither is owned—directly or indirectly—by the other. | Second Moffatt Declaration ¶ 5, page 1, lines 20–27. |
| 7. CVS's records reflect that Amburgey has never received a shipment of Enbrel from any CVS specialty mail pharmacy. | First Peterman Declaration, ¶¶ 6–7, page 2, lines 1 to 11. |
| 8. CVS's records reflect that the only shipments Amburgey has ever received from any CVS specialty mail pharmacy are ▮▮▮ of Orencia and ▮▮▮. | First Peterman Declaration, ¶ 7, page 2, lines 9–16; Second Peterman Declaration ¶ 6, page 2, lines 1–10. |
| 9. CVS's records reflect that Amburgey made payments of $150.00 on April 15, 2015 and August 15, 2015, which were for ▮▮▮. | Second Peterman Declaration ¶ 7, page 2, lines 11–17. |

## CONCLUSIONS OF LAW

1. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its burden of showing the absence of a genuine dispute as to any material fact, the non-movant, to defeat summary judgment, must identify specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–34 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2. "By its very terms, [the summary judgment] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). To avoid summary judgment, the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Id.* at 252.

3. "'[T]he irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" D.E. 47 (Sept. 21, 2017 Order) at 4 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

4. "'That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Spokeo*, 136 S. Ct. at 1547 n.6 (alteration in original) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)).

5. A plaintiff lacks standing to sue a defendant that did not harm her. *Easter v. Am. W. Fin.*, 381 F.3d 948, 961–62 (9th Cir. 2004); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001–02 (9th Cir. 2001).

6. Because Caremark had no involvement in any of the shipments about which Amburgey or Washington sue, Plaintiffs have not suffered any injury that is traceable to Caremark. Having suffered no traceable injury, they lack standing to sue Caremark and the Court lacks subject-matter jurisdiction over this case.

7. Further, even if Plaintiffs had sued the correct defendant, no CVS specialty mail pharmacy has ever shipped Enbrel to Amburgey. Amburgey therefore has not suffered an injury that is traceable to the actions of any CVS specialty mail pharmacy. Having suffered no traceable injury, Amburgey lacks standing to sue

1  Caremark (or ProCare) regarding Enbrel, and the Court therefore lacks subject-matter
2  jurisdiction over her claims regarding Enbrel.

5  Dated: October 23, 2017

Respectfully Submitted,

**FOLEY & LARDNER LLP**

By:    /s/ Tami Smason
Tami Smason

WILLIAMS & CONNOLLY LLP
F. Lane Heard III*
Enu Mainigi*
J. Andrew Keyes*
Holly Conley*
Benjamin Hazelwood*
* Admitted pro hac vice

*Attorneys for Defendant CaremarkPCS Health, L.L.C.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notifications of such filing to the following:

Caleb Marker                Caleb.Marker@zimmreed.com

By:   ___/s/ Tami Smason_____
Tami Smason
FOLEY & LARDNER LLP